John T. Jasnoch (CA 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619-233-4565
Fax: 619-233-0508
jjasnoch@scott-scott.com

*Attorneys for Lead Plaintiff Movant*
*Brent Ellacott*

[Additional counsel appears on signature page.]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WAYNE HAYES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ENPHASE ENERGY, INC., BADRINARAYANAN KOTHANDARAMAN, and MANDY YANG,<br><br>Defendants. | Case No. 4:24-cv-04249-JD<br><br>**NOTICE OF MOTION AND MOTION OF LEAD PLAINTIFF MOVANT BRENT ELLACOTT FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Hon. James Donato<br><br>DATE: September 5, 2024<br>TIME: 10:00 A.M.<br>COURTROOM: 11 |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................................1

STATEMENT OF THE ISSUES TO BE DECIDED..........................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................................2

    I.     INTRODUCTION ................................................................................................2

    II.    FACTUAL BACKGROUND...............................................................................3

    III.   ARGUMENT.........................................................................................................4

         A.    Ellacott Should Be Appointed Lead Plaintiff ...............................................4

             1.    Ellacott's Motion Is Timely ..............................................................4

             2.    Ellacott Has the Largest Financial Stake in the Relief Sought by the Class..............................................................................5

             3.    Ellacott Is Otherwise Qualified Under Rule 23 ...............................6

             4.    The Court Should Approve Ellacott's Choice of Counsel...............7

    IV.   CONCLUSION......................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
   586 F.3d 703 (9th Cir. 2009) ................................................................................................... 7

*Feyko v. Yuhe Int'l Inc.*,
   No. CV 11-05511, 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) ............................................... 5

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ....................................................................................... 2, 5, 7, 8

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ..................................................................................................... 8

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ......................................................................................... 5

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
   136 F. Supp. 3d 1159 (C.D. Cal. 2015) ................................................................................... 5

*Lax v. First Merchs. Acceptance Corp.*,
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ................................................... 5

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
   No. 13-CV-05368-LHK, 2014 WL 2604991 (N.D. Cal. June 10, 2014) ................................. 4

*Richardson v. TVIA, Inc.*,
   No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ................................... 5

*Russo v. Finisar Corp.*,
   No. 5:CV 11-01252-EJD, 2011 WL 5117560 (N.D. Cal. Oct. 27, 2011) ................................ 6

*Westley v. Oclaro, Inc.*,
   No. C-11-2448 EMC, 2011 WL 4079178 (N.D. Cal. Sept. 12, 2011) ................................. 6, 7

**Statutes**

15 U.S.C. §77z-1(a) ......................................................................................................................... 7

15 U.S.C. §78u-4(a) ................................................................................................................ *passim*

**Other Authorities**

1 Albert Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS §3:13 (4th
   ed. 2008) ................................................................................................................................... 7

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that Lead Plaintiff, movant, and putative Class member Brent Ellacott ("Ellacott" or "Movant") [1], by and through his undersigned counsel, hereby moves this Court in Courtroom 11, Floor 19 of the U.S. District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102 on September 5, 2024 at 10:00 a.m. PT, or as soon thereafter as the matter may be heard, for the entry of an order: (1) appointing Ellacott as Lead Plaintiff for the putative Class pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*; and (2) approving his selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative Class.

This Motion is made on the grounds that Ellacott timely filed this Motion and that he is the most adequate Plaintiff. Based on the information presently available, Ellacott has the largest financial interest in the relief sought by the putative Class amongst movants for Lead Plaintiff, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), as his claims are typical of the claims of the Class, and will fairly and adequately represent the interests of the Class. In addition, Ellacott has selected and retained Scott+Scott, a law firm with substantial experience in prosecuting securities class-actions, to serve as Lead Counsel for the securities claims. Scott+Scott has done significant work to advance the claims alleged and prosecute this action on behalf of Class members.

This Motion is based on this Notice of Motion, the Memorandum of Law filed concurrently herewith and in support hereof, the Declaration of John T. Jasnoch in Support of Motion of Lead Plaintiff Movant Ellacott for Appointment of Lead Plaintiff and Lead Counsel ("Jasnoch Decl."), with attached exhibits thereto, filed concurrently herewith and in support hereof, the pleadings and other files and records previously entered in this Action, and such other written or oral argument as may be presented to the Court.

---

[1] Unless otherwise noted, citations are omitted, and emphasis is added.

1
NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF LEAD PLTF AND LEAD COUNSEL   CASE NO. 4:24-cv-04249-JD

**STATEMENT OF THE ISSUES TO BE DECIDED**

1. Whether the Court should appoint Ellacott as Lead Plaintiff for the Class pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

2. Whether the Court should approve Ellacott's selection of Scott+Scott as Lead Counsel for the Class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Ellacott, by and through his undersigned Counsel, respectfully submits this Memorandum of Points and Authorities in support of his motion for: (1) appointment as Lead Plaintiff pursuant to §21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the PSLRA; and (2) approval of his selection of Scott+Scott to serve as Lead Counsel for the securities claims. This action is brought on behalf of a putative class of purchasers of securities of Enphase Energy, Inc. ("Enphase" or the "Company") between December 12, 2022, and April 25, 2023, inclusive (the "Class" that bought during the "Class Period").

The PSLRA provides that the court is to appoint as lead plaintiff the member or members of the purported plaintiff class with the largest financial interest in the action that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc). As demonstrated below, Ellacott should be appointed to serve as Lead Plaintiff because: (1) his motion for appointment is timely filed; (2) based on information presently available, Ellacott has the largest financial interest in this litigation; and (3) Ellacott is an adequate and typical Class member. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii) (describing the PSLRA standard for lead plaintiff appointment); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (same). In addition, Ellacott's selection of Scott+Scott to serve as Lead Counsel for the Class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). Scott+Scott has a long history of successfully litigating securities class-actions and possesses the necessary resources to aggressively prosecute this action on behalf of the putative Class. Moreover, Scott+Scott has

undertaken significant effort to investigate and advance the claims asserted against Defendants (defined *infra*) on behalf of the putative Class.

## II.     FACTUAL BACKGROUND[2]

Enphase, an energy technology company that designs, develops, manufactures, and sells solar micro-inverters, battery energy storage, and electric vehicle ("EV") charging stations in the United States and internationally, made material misrepresentations and omissions of material facts. Specifically, from December 12, 2022, through April 25, 2023 (the "Class Period"), Defendants Badrinarayanan Kothandaraman ("Kothandaraman"), the Company's Chief Executive Officer ("CEO"), and Mandy Yang ("Yang"), the Company's Chief Financial Officer ("CFO") (collectively, "Individual Defendants") (collectively with Enphase, "Defendants"), made materially false and/or misleading statements and/or failed to disclose that: (1) battery shipments were slowing; (2) the Company was suffering from a lower transition rate in California and a slower output of inverters; and (3) Defendants trumpeted Enphase's Arizona and Florida's microinverter deployments when they were being harmed by rising interest rates. Complaint, ¶3.

Finally, the truth began to reach the market on April 25, 2023, after the market closed, when Enphase announced its first quarter 2023 financial results and revenue outlooks for second quarter 2023. Complaint, ¶30. Specifically, during the associated earnings call hosted the same day, Enphase reported a nine-% decrease in revenue for first quarter and a weak revenue outlook for second quarter, citing, among other things, reduced sell-through of its microinverters in California, Arizona, and Florida. *Id.*

On this news, the price of Enphase common stock declined $56.77 per share, or nearly 26%, from a close of $220.60 per share on April 25, 2023, to close at $163.83 per share on April 26, 2023, severely damaging Ellacott. Complaint, ¶31.

---

[2]     All "¶_" and "¶¶__" citations are to the Class Action Complaint for Violations of the Federal Securities Laws filed on July 15, 2024 (ECF No. 1) (the "Complaint"), under docket number 4:24-cv-04249, unless otherwise stated, and the facts set forth in the Complaint are incorporated herein by reference.

## III. ARGUMENT

### A. Ellacott Should Be Appointed Lead Plaintiff

#### 1. Ellacott's Motion Is Timely

Within 20 days of filing a securities class-action, the plaintiff must publish a notice informing putative class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). 15 U.S.C. §78u-4(a)(3)(A)(i). On May 29, 2024, Plaintiff Mark Bialic filed a complaint against Enphase and other named defendants, captioned *Bialic v. Enphase Energy, Inc.*, No. 5:24-cv-03216-BLF (the "*Bialic* Action"), with a Class Period between February 7, 2023, and April 25, 2023.[3] Following the commencement of the *Bialic* Action on May 29, 2024, counsel for Plaintiff Mark Bialic published notice of pendency of the action via *Globe Newswire*. *See* Declaration of John T. Jasnoch ("Jasnoch Decl."), Ex. A., filed herewith. The notice provided that the deadline for moving for appointment as Lead Plaintiff was July 29, 2024. *See* Jasnoch Decl. Ex. A. Because the Early Notice was published within 20 days of the initiation of the action, notice was timely. *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *4 (N.D. Cal. June 10, 2014) (finding notice "timely because it was published within 20 days after the filing of the complaint"). Thereafter, Plaintiff Waye Hayes filed a second complaint with an extended Class Period between December 12, 2022, to April 25, 2023. *See* Complaint, ¶1. Plaintiff Wayne Hayes caused an additional notice to be published on July 16, 2024 through *Globe Newswire*, which also provided that the leadership date was July 29, 2024. *See* Jasnoch Decl., Ex. B, field herewith.

Therefore, Ellacott timely filed his motion within the 60-day period following publication of the Notice, *i.e.*, on July 29, 2024. He has submitted herewith a sworn certification attesting that he is willing to serve as a representative of the Class and has provided his transactions in Enphase securities during the Class Period. *See* Jasnoch Decl., Ex. C. By making a timely motion in

---

[3] On July 23, 2024, Plaintiff Mark Bialic voluntarily dismissed the *Bialic* Action. *See Bialic v. Enphase Energy, Inc.*, No. 5:24-cv-03216-BLF, at ECF Nos. 5-6.

4

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF LEAD PLTF AND LEAD COUNSEL   CASE NO. 4:24-cv-04249-JD

response to the Notice, Ellacott satisfies the first PSLRA requirement to be appointed as Lead Plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa).

### 2. Ellacott Has the Largest Financial Stake in the Relief Sought by the Class

The PSLRA provides that courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph."  15 U.S.C. §78u-4(a)(3)(B)(i). Furthermore, there is a rebuttable "presumption that the most adequate plaintiff in any private action arising under this [title]" is the movant that "has the largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007) (discussing the PSLRA lead plaintiff appointment process); *Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511, 2012 WL 682882, at *2 (C.D. Cal. Mar. 2, 2012) (same) (citing *Cavanaugh*, 306 F.3d at 730). "District courts 'have typically considered the "Olsten–Lax" factors to determine who has the largest financial interest: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered."'" *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998), and *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)). "Of the Olsten-Lax factors, courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss." *Richardson*, 2007 WL 1129344, at *4.

Based on the information presently available, Ellacott has the largest financial interest in the relief sought in this litigation. Specifically, as set forth in attached Schedule A, Ellacott lost approximately $56,232 from his stock trades, had a net loss of $54,784 from his option trades, for a total loss of approximately $111,016, as a result of Defendants' wrongdoing.  *See* Jasnoch Decl.,

1 Ex. D. Given that Ellacott has the largest financial interest in this litigation, and as discussed
2 below, satisfies all of the PSLRA prerequisites for appointment as lead plaintiff, he should be
3 appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

4         **3.     Ellacott Is Otherwise Qualified Under Rule 23**

5 Pursuant to §21D(a)(3)(B) of the Exchange Act, a proposed lead plaintiff must also
6 "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule
7 23(a) provides that a party may serve as a class representative only if the following four
8 requirements are satisfied: "(1) the class is so numerous that joinder of all members is
9 impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses
10 of the representative parties are typical of the claims or defenses of the class; and (4) the
11 representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P.
12 23(a). Of the four prerequisites, only two – typicality and adequacy – directly address the personal
13 characteristics of the class representative. Consequently, in deciding a motion to serve as lead
14 plaintiff, the court need only make findings as to the typicality and adequacy of the proposed lead
15 plaintiff and, at this stage, those findings need only be "preliminary." *See, e.g.*, *Westley v. Oclaro,*
16 *Inc.*, No. C-11-2448 EMC, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011) (noting that only
17 a "preliminary showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage).
18 Notably, Ellacott goes beyond this requirement and also provides a declaration further
19 demonstrating his adequacy to represent the Class. See Jasnoch Decl., Ex. E (Declaration).

20 The typicality requirement of Rule 23(a)(3) is satisfied when the representative party "has
21 suffered the same injuries as other class members as a result of the same conduct by defendants
22 and has claims based on the same legal issues." *Id*. Here, Ellacott's claims are typical of the
23 claims of the other members of the putative Class because, like all other Class members, Ellacott:
24 (1) purchased Enphase securities during the Class Period; (2) was adversely affected by
25 Defendants' false and misleading statements and otherwise fraudulent conduct; and (3) suffered
26 damages as a result thereof. *See Russo v. Finisar Corp.*, No. 5:CV 11-01252-EJD, 2011 WL
27 5117560, at *4 (N.D. Cal. Oct. 27, 2011) (discussing ways in which a lead plaintiff movant can
28

6
NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF LEAD PLTF AND LEAD
COUNSEL   CASE NO. 4:24-cv-04249-JD

meet the typicality requirement).  Since the claims asserted by Ellacott are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," typicality is satisfied.  *See* 1 Albert Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008).

With respect to adequacy, a movant is an adequate class representative when he possesses common interests and an absence of conflict with fellow class members and the movant's attorneys are qualified, experienced, and vigorously able to conduct the litigation.  *See Westley*, 2011 WL 4079178, at *2 (explaining that, with regard to the adequacy requirement, a court must evaluate "whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation").  Ellacott satisfies the "adequacy" requirement in the instant litigation because his interests clearly align with the interests of the putative Class.  Moreover, Ellacott, like all other members of the putative Class, suffered losses as a result of purchasing Enphase securities at prices that were artificially inflated due to Defendants' alleged fraudulent misconduct.  Ellacott will, therefore, benefit from the same relief as other Class members.  In short, there is absolutely no evidence of antagonism between Ellacott and the putative Class.

Ellacott has also demonstrated that he is an adequate representative in this matter by having retained competent and experienced counsel.  As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner.  Accordingly, Ellacott has made a *prima facie* showing that he satisfies all of the requirements of Fed. R. Civ. P. Rule 23 for the purposes of this motion.

### 4. The Court Should Approve Ellacott's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §77z-1(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734-35.  As such, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a

1  reasonable choice of counsel, the district court should generally defer to that choice[]") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d at 733 n.12.

Ellacott has selected the law firm of Scott+Scott to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions, possesses the necessary resources to efficiently conduct this litigation, and will vigorously prosecute this case on behalf of Ellacott and the putative Class.[4] *See* Jasnoch Decl., Ex. F (firm résumé). Also, Scott+Scott currently serves as lead or co-lead counsel in numerous securities class actions pending in several U.S. District Courts.[5] *See also* Jasnoch Decl., Ex. F.

In light of the foregoing, the Court should approve Ellacott's selection of Scott+Scott as Lead Counsel for the securities claims. The Court can be assured that by approving Ellacott's choice of Lead Counsel, the putative Class will receive the highest caliber of representation.

---

[4]  Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re Micro Focus Int'l plc Sec. Litig.*, Lead Case No. 18-cv-01549 (CA Super. Ct. San Mateo Cnty.) ($107.5 million settlement); *Okla. Firefighters Pension & Ret. Sys. v. Newell Brands Inc.*, No. L-003492-18 (N.J. Super. Ct. Hudson Cnty.) ($102.5 million settlement); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Cap. Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cnty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million); *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.) ($13 million settlement).

[5]  *See, e.g.*, Current Lead Counsel Appointments: *White v. Brooge Energy Limited*, No. 2:24-cv-00959 (C. D. Cal.); *Marselis v. Fox Factory Holding Corp.*, No. 1:24-cv-00747 (N.D. Ga.); *Severt v. UiPath, Inc.*, No. 1:23-cv-07908 (S.D.N.Y.); *City of Omaha Police and Firefighters Ret. Sys. v. Cognyte Software Ltd.*, No. 1:23-cv-01769 (S.D.N.Y.); *Pompano Beach Police and Firefighters Ret. Sys. v. Olo Inc.*, No. 1:22-cv-08228 (S.D.N.Y.); *Jochims v. Oatly Group AB*, No. 1:21-cv-06360 (S.D.N.Y.); *Peterson v. TriplePoint Venture Growth BDC Corp.*, No. 3:23-cv-02980 (N.D. Cal.); *Sundaram v. Freshworks, Inc.*, No. 3:22-cv-06750 (N.D. Cal.); *City of Birmingham Relief and Ret. Sys. v. Acadia Pharms. Inc.*, No. 3:21-cv-00762 (S.D. Cal.); *Golubowski v. Robinhood Mkts., Inc.*, No. 3:21-cv-09767 (N.D. Cal.); and *Strezsak v. Ardelyx Inc.*, No. 4:21-cv-05868 (N.D. Cal.).

## IV. CONCLUSION

For all of the foregoing reasons, Ellacott respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Scott+Scott to serve as Lead Counsel.

Dated:  July 29, 2024   Respectfully Submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
 /s/ John T. Jasnoch
John T. Jasnoch (CA 281605)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
jjasnoch@scott-scott.com

Thomas L. Laughlin, IV
Jonathan Zimmerman
Nicholas S. Bruno
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Ave., 17th Floor
New York, NY 10169
Telephone: 212-223-6444
tlaughlin@scott-scott.com
jzimmerman@scott-scott.com
nbruno@scott-scott.com

**THE SCHALL LAW FIRM**
Brian J. Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com
briane@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant Brent Ellacott*

9
NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF LEAD PLTF AND LEAD COUNSEL   CASE NO. 4:24-cv-04249-JD

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Executed on July 29, 2024, at San Diego, California.

*/s/ John T. Jasnoch*
John T. Jasnoch (281605)