LATHAM & WATKINS LLP
Colleen C. Smith (Bar No. 231216)
 colleen.smith@lw.com
12670 High Bluff Drive
San Diego, CA 92130
Telephone: +1.858.523.5400

Daniel R. Gherardi (Bar No. 317771)
 daniel.gherardi@lw.com
140 Scott Drive
Menlo Park, CA 94025
Telephone: +1.650.328.4600

Thomas J. Giblin (*pro hac vice*)
 thomas.giblin@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1 212.906.1200

*Attorneys for Defendants Enphase Energy, Inc.*
*and Badrinarayanan Kothandaraman*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYNE HAYES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ENPHASE ENERGY, INC., BADRINARAYANAN KOTHANDARAMAN and MANDY YANG,<br><br>Defendants. | CASE NO.  3:24-cv-04249-JD<br><br>**DEFENDANTS' REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS LEAD PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Hearing: November 6, 2025<br>Time: 10:00 a.m.<br>Location: Courtroom 11, 19th Floor<br>Hon. James Donato |

## I.    INTRODUCTION

Defendants Enphase Energy, Inc. ("Enphase") and Badrinarayanan Kothandaraman (together, "Defendants"), respectfully request that the Court consider the following documents, attached to the Declaration of Daniel R. Gherardi filed concurrently herewith, in connection with Defendants' Motion to Dismiss ("Motion to Dismiss") Lead Plaintiff's Amended Class Action Complaint (Dkt. No. 78, "Complaint"):

- **Exhibit 1** – a true and correct copy of Enphase's Form 8-K, announcing financial results for the first quarter of 2023, which was publicly filed with the United States Securities and Exchange Commission ("SEC") on April 25, 2023 ("2023 Form 8-K"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 2** – a true and correct copy of Enphase's annual report on Form 10-K for fiscal year 2023, which was filed with the SEC on February 13, 2023 ("FY 2023 10-K"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 3** – a true and correct copy of Enphase's February 7, 2023 call discussing quarterly financial results for the fourth quarter and fiscal year 2022 ("Q4 2022 Earnings Call"), which is available as transcribed by S&P Global Market Intelligence at www.spglobal.com/market-intelligence.

- **Exhibit 4** – a true and correct copy of Enphase's annual report on Form 10-K for fiscal year 2021, which was filed with the SEC on February 11, 2022 ("2021 Form 8-K"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 5** – a true and correct copy of Enphase's quarterly report on Form 10-Q for the period ended September 30, 2022, which was filed with the SEC on October 25, 2022 ("Q3 2022 10Q"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 6** – a true and correct copy of Enphase's April 25, 2023 call discussing quarterly financial results for the first quarter and fiscal year 2023 ("Q1 2023 Earnings Call"), which is available as transcribed by S&P Global Market Intelligence at www.spglobal.com/market-intelligence.

- **Exhibit 7** – a true and correct copy of an April 26, 2023 analyst report titled "2Q23 Guidance Disappoints as 2H23 Uncertainty Emerges," issued by Janney Montgomery Scott LLC ("Janney Analyst Report"), which is available at www.capitaliq.com.

- **Exhibit 8** – a true and correct copy of Enphase's April 26, 2022 call discussing quarterly financial results for the first quarter of 2022 ("Q1 2022 Earnings Call"), which is available as transcribed by S&P Global Market Intelligence at www.spglobal.com/market-intelligence.

- **Exhibit 9** – a true and correct copy of Enphase's July 26, 2022 call discussing quarterly financial results for the second quarter of 2022 ("Q2 2022 Earnings Call"), which is available as transcribed by S&P Global Market Intelligence at www.spglobal.com/market-intelligence.

Each of these documents may properly be considered by the Court in connection with Defendants' Motion to Dismiss because it is (a) incorporated by reference into the Complaint and/or (b) subject to judicial notice under Rule 201 of the Federal Rules of Evidence.

## II.    LEGAL STANDARD

In deciding a motion to dismiss, a court may consider "materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

The doctrine of incorporation by reference "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A document incorporated by reference is considered "part of the complaint" and the Court "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). This "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002; *Iron Workers Loc. 580 Joint Funds v. Nvidia Corp.*, 2020 WL 1244936, at *5 (N.D. Cal. Mar. 16, 2020) (incorporation by reference "prevent[s] plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims"). A document is incorporated by reference in a pleading "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002; *Cornet v. Twitter, Inc.*, 2023 WL 3029236, at *3 n.3 (N.D. Cal. Apr. 19, 2023) (Donato, J.) (explaining courts may consider "documents incorporated by reference in the complaint"); *Boston Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, at *2 (N.D. Cal. Aug. 7, 2020); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066-67 (N.D. Cal. 2010) (holding SEC filings forming the basis of plaintiff's claims were incorporated by reference into complaint); *Park v. GoPro, Inc.*, 2019 WL 1231175,

*6 (N.D. Cal. Mar. 15, 2019) (holding SEC filings, including those plaintiffs "quoted several times in the Amended Complaint," may be incorporated by reference).

Additionally, courts may take judicial notice of matters that are "not subject to reasonable dispute" because they are either (a) "generally known within the trial court's territorial jurisdiction" or (b) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Public records, such as SEC filings, are properly the subject of judicial notice, and routinely considered in deciding a motion to dismiss in a securities case." *In re Extreme Networks, Inc. S'holder Deriv. Litig.*, 573 F. Supp. 2d 1228, 1231 n.2 (N.D. Cal. 2008); *Cornet*, 2023 WL 3029236, at *1 n.1 (Donato, J.) (taking judicial notice of documents filed with the SEC); *In re Invensense, Inc. Sec. Litig.*, 2016 WL 1182063, at *8 n.3 (N.D. Cal. Mar. 28, 2016) (Donato, J.) (taking judicial notice of an earnings call transcript); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020) ("Plaintiff claims that Apple's SEC filings contained misleading statements, and they therefore form the basis of plaintiff's claims."). Likewise, courts "routinely take judicial notice of analyst reports," as they "may be considered to show what information was available to the market." *Reckstin Fam. Tr. v. C3.ai, Inc.*, 718 F. Supp. 3d 949, 967 (N.D. Cal. 2024).

III.    ARGUMENT

A.    The Complaint Incorporates Exhibits 2, 3, 6-9 by Reference

Plaintiff references Exhibits 2, 3, 6, 7, 8 and 9 extensively in the Complaint and necessarily relies on them to form the basis of his claims. These exhibits are thus properly considered by the Court in their entirety pursuant to the incorporation by reference doctrine. *Khoja*, 899 F.3d at 1002.

- **Exhibit 2, the FY 2023 10-K** – Plaintiff relies on Exhibit 2 to support his claims that Enphase derives revenue from residential customers in the United States. ¶¶ 24, 30. Plaintiff references Enphase's residential revenues in connection with his arguments regarding the alleged impact of the NEM 3.0 policy change on Enphase. *See* ¶¶ 30-41, 63-64, 67-68.

- **Exhibit 3, the Q4 2022 Earnings Call** – Plaintiff relies on Exhibit 3 as the source of the two statements Plaintiff claims were materially false or misleading. ¶¶ 83-87.

- **Exhibit 6, the Q1 2023 Earnings Call** – Plaintiff relies on Exhibit 6 as the source of the purported "corrective disclosure" that allegedly revealed the "truth" of Defendants' supposed fraud. ¶¶ 69-75. Plaintiff quotes from Exhibit 6 extensively in the Complaint. *See* ¶¶ 9-10, 12, 32, 57-58, 66-75, 83-87, 90, 96, 100, 102.

- **Exhibit 7, the Janney Analyst Report** – Plaintiff relies on Exhibit 7 to allege a purported connection between Enphase's announced financial results on April 25, 2023, and Defendants' prior statements regarding the impact of financing on certain solar system installers. ¶ 82; *see also* ¶¶ 71-74.

- **Exhibit 8, the Q1 2022 Earnings Call** – Plaintiff relies on Exhibit 8 for his allegations that Defendants were active participants in the NEM 3.0 process in California, which he claims support a strong inference of an intent to defraud. ¶ 53.

- **Exhibit 9, the Q2 2022 Earnings Call** – Plaintiff relies on Exhibit 9 to support his scienter allegations because, he alleges, Exhibit 9 purportedly suggests Defendants were monitoring Enphase's sales in California. ¶ 98.

Because the foregoing exhibits form the basis of Plaintiff's allegations, and are documents upon which Plaintiff relies, they are incorporated by reference into the Complaint and are appropriately considered in full by this Court in deciding Defendants' Motion to Dismiss. *See Nvidia*, 2020 WL 1244936, at *5 (incorporating by reference "SEC filings, conference presentations, earnings call transcripts, and articles" for the purpose of determining what was disclosed to the market); *Uber*, 2020 WL 4569846, at *2 (incorporating by reference SEC filings because Plaintiffs' securities fraud theory "depends on" Defendant's financial results); *Bare Escentuals*, 745 F. Supp. 2d at 1066-67 (incorporating by reference SEC filings, press releases and conference call transcripts cited in the complaint); *GoPro,* 2019 WL 1231175, *6 (same).

**B.**   **All the Exhibits Are Property Subject to Judicial Notice**

Each of the Exhibits is also subject to judicial notice because it is not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). As such, the Court should take judicial notice of Exhibits 1 through 9.

The Court may take judicial notice of the fact that information is disclosed in Exhibits 1, 2, 4, and 5 because they are all public filings with the SEC. Courts routinely take judicial notice

of a company's SEC filings in connection with securities litigation. *See e.g.*, *Strezsak v. Ardelyx Inc.*, 2024 WL 1160900, at *4 (N.D. Cal. Mar. 18, 2024) (taking judicial notice of Forms 10K and 10Q because such "documents are not subject to reasonable dispute, and the accuracy of these publicly filed SEC documents cannot reasonably be questioned"); *Wochos v. Tesla, Inc.,* 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019) (taking judicial notice of SEC filings); *Dreiling v. Am. Express Co.,* 458 F.3d 942, 946 n.2 (9th Cir. 2006) (listing "SEC filings" as example of "matter[s] subject to judicial notice"). Judicial notice is appropriate for SEC filings even where Plaintiff does not expressly reference them in the Complaint. *See In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (taking judicial notice of additional SEC filings not cited in the complaint); *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *5 (N.D. Cal. July 21, 2020) (same).

Similarly, courts routinely take judicial notice of transcripts of calls with investors discussing financial results and investor conferences because such "documents are not subject to reasonable dispute and can be accurately and readily determined through public websites." *Strezsak,* 2024 WL 1160900, at *4 (taking judicial notice of investor conference transcript); *In re Invensense*, 2016 WL 1182063, at *8 n.3 (Donato, J.) (taking judicial notice of an earnings call transcript); *In re Splunk Inc. Sec. Litig.,* 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022) (same); *Lamontagne v. Tesla, Inc.,* 2024 WL 4353010, at *3 (N.D. Cal. Sept. 30, 2024) (taking judicial notice of earnings call transcripts); *Sneed v. AcelRx Pharms.*, Inc., 2022 WL 4544721, at *3 (N.D. Cal. Sept. 28, 2022) (same). Plaintiff, here, also expressly relies on Exhibits 3, 6, 8, and 9 as the source of challenged statements or as supposed evidence of the market's views on Enphase's financial results and therefore cannot reasonably challenge these exhibits' authenticity or accuracy. And in any event, each of Exhibits 3, 6, 8, and 9 are publicly available earnings call transcript, "the accuracy of which is not reasonably subject to dispute." *Wochos v. Twitter, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018).

Lastly, courts can take judicial notice of analyst reports like Exhibit 7 where "their authenticity and accuracy is not disputed." *In re Twitter, Inc. Sec. Litig.*, 2020 WL 4187915 (N.D. Cal. May 18, 2020). Plaintiff here relies on Exhibit 7 in the Complaint and thus cannot reasonably

challenge its authenticity or accuracy. ¶ 82. Analyst reports like Exhibit 7 are also often judicially noticed in securities fraud claims to help determine "whether and when certain information was provided to the market." *In re Apple Inc. Sec. Litig.,* 2020 WL 2857397, at *6; *Weston v. DocuSign, Inc.,* 669 F. Supp. 3d 849, 872 (N.D. Cal. 2023) (taking judicial notice of analyst reports "to determine the information available to the market"); *In re Century Aluminum Co. Sec. Litig.,* 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011) (taking judicial notice of analyst report); *In re Rackable Sys., Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) (same). The Court may, therefore, take judicial notice of Exhibit 7.

## IV.    CONCLUSION

Defendants respectfully request the Court consider Exhibits 1 through 9, attached to the Declaration of Daniel R. Gherardi filed concurrently herewith, in connection with the Court's consideration of Defendants' Motion to Dismiss.

DATED: July 2, 2025

**LATHAM & WATKINS LLP**

/s/ *Colleen C. Smith*
Colleen C. Smith (SBN 231216)
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
Email: colleen.smith@lw.com

Daniel R. Gherardi (SBN 317771)
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Email: daniel.gherardi@lw.com

Thomas J. Giblin (*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: thomas.giblin@lw.com

*Attorneys for Defendants Enphase Energy, Inc. and Badrinarayanan Kothandaraman*