CHARLES H. LINEHAN (#307439)
   clinehan@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorney for Lead Plaintiff Lon D. Praytor
and Lead Counsel for the Putative Class*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WAYNE HAYES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENPHASE ENERGY, INC., BADRINARAYANAN KOTHANDARAMAN and MANDY YANG,<br><br>Defendants. | Case No. 3:24-cv-04249-JD<br><br>**LEAD PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date:     November 6, 2025<br>Time:     10:00 am<br>Crtrm.:   11, 19th Floor<br><br>Judge:    James Donato |

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
Case No. 3:24-cv-04249-JD

Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." On a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Plaintiff seek judicial notice of one document, Exhibit A to the Declaration of Charles H. Linehan, which consists of excerpts of a decision issued by the California Public Utilities Commission ("CPUC"). This decision was adopted by the CPUC on December 15, 2022 and issued as D.22-12-056. Immediately preceding the signature block, the decision states: "***This order is <u>effective today</u>. Dated December 15, 2022***, at San Francisco, California." Ex. A at 245 (emphasis added).

Decisions by the CPUC are judicially noticeable, because they are governmentally published documents, the existence of which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see Nugget Hydroelectric, L.P. v. Pac. Gas and Elec. Co.*, 981 F.2d 429, 435 (9th Cir. 1992) (taking judicial notice of CPUC decisions on *force majeure* claims because the "[t]he existence of these decisions is a fact 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned'") (quoting Fed. R. Evid. 201); *Western Radio Servs. Co. v. Qwest Corp.*, 530 F.3d 1186, 1192 n.4 (9th Cir. 2008) (taking judicial notice of order by Oregon Public Utilities Commission); *City of Vernon v. S. Cal. Gas Co.*, 92 F.3d 1191 (9th Cir. 1996) (unpublished) (affirming district court decision taking judicial notice of two CPUC orders); *Transphase Sys., Inc. v. S. Cal. Edison Co.*, 839 F. Supp. 711, 715 n.5 (C.D. Cal. 1993) (court "may properly consider the reported decisions of the CPUC in the context of the defendants' motion to dismiss"); *United Energy Trading, LLC v. Pac. Gas & Elec. Co.*, 146 F. Supp .3d 1122, 1134 (N.D. Cal. 2015) (taking judicial notice of "published tariff approved by the CPUC" and "public records from relevant CPUC proceedings").

In addition, the Court may consider the CPUC decision under the incorporation by reference doctrine. The December 15, 2022 CPUC decision was explicitly referenced in Plaintiff's Complaint, ¶37,

and its details and date of adoption comprise a material basis of Plaintiff's allegations. ¶¶6-8, 34-38, 48-62, 94-97. Accordingly, the decision was incorporated by reference into the Complaint, and the Court may consider it in deciding Defendants' motion to dismiss. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) ("in assessing securities fraud claims, 'courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice'") (quoting *Tellabs*, 551 U.S. at 322).

Accordingly, the Court should take judicial notice of Exhibit A to the Linehan Declaration and/or consider the document under the incorporation by reference doctrine in deciding Defendants' motion to dismiss.

DATED:  August 15, 2025                         GLANCY PRONGAY & MURRAY LLP


                                                By:     */s/ Charles H. Linehan*
                                                Charles H. Linehan
                                                Melissa Wright
                                                1925 Century Park East, Suite 2100
                                                Los Angeles, California 90067
                                                Telephone:  (310) 201-9150
                                                Facsimile:  (310) 201-9160
                                                Email:  clinehan@glancylaw.com

                                                *Attorneys for Lead Plaintiff Lon D. Praytor*
                                                *and Lead Counsel for the Putative Class*

                                                **LAW OFFICES OF HOWARD G. SMITH**
                                                Howard G. Smith
                                                3070 Bristol Pike, Suite 112
                                                Bensalem PA 19020
                                                Telephone: (215) 638-4847
                                                Facsimile: (215) 638-4867

                                                *Additional Counsel for Plaintiff Lon D. Praytor*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
Case No. 3:24-cv-04249-JD                                                              2

## CERTIFICATE OF SERVICE

I, Charles H. Linehan, hereby certify that on August 15, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ Charles H. Linehan
Charles H. Linehan